

**U. S. Department of Justice**

*United States Attorney*
*Northern District of Iowa*

---

600 Fourth Street     712-255-6011
Suite 670     712-252-2034 (fax)
Sioux City, IA 51101     712-258-4761 (tty)

December 20, 2023

Pam Wingert

    Re:    *United States v. Tyler Nicholas Meriweather*; CR23-3038

Dear Ms. Wingert:

    This letter will serve as a first memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Tyler Nicholas Meriweather, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on January 15, 2024, unless otherwise extended by the government. **The government has made no prior plea offers in this case.**

## CHARGES AND PENALTIES

    1. _TM_ Defendant will plead guilty to Count 1 of the Indictment filed on November 16, 2023. Count 1 charges straw purchase of firearms, in violation of 18 U.S.C. § 932(b)(1).

    2. _TM_ Defendant understands that Count 1 of the Indictment is punishable by the following maximum penalties: (1) not more than 15 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than three years.

    3. _TM_ Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

**Government Exhibit 1** Case CR23-3038 T. Meriweather

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 2

4. _TM_ At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charge specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18 firearm-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. _TM_ Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

6. _TM_ Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

## NON-COOPERATION

7. _TM_ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 3

## STIPULATION OF FACTS

8. \_TM\_ By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

- \_TM\_ A. On or about November 18, 2022, defendant, and NM conspired and purchased three firearms (specifically two Taurus Model G3 9mm luger pistols, and a Palmetto State Armory Model PA-15 pistol, hereafter Firearms 1-3) from an FFL in Fort Dodge, Iowa, on the behalf of RM, knowing RM was then a felon residing in California.

- \_TM\_ B. Prior to November 18, 2022, defendant, NM, and RM discussed the purchase of Firearms 1-3 for RM. The parties discussed which firearms to purchase for RM and when NM and defendant would be able to deliver them to RM in California.

- \_TM\_ C. Defendant purchased Firearms 1-3 online, but used NM's online pay account, and had them delivered to an Iowa FFL (Buck's Guns) in NM's name. On November 18, 2022, Firearms 1-3 arrived at Buck's Guns in Fort Dodge, Iowa. NM filled out the ATF Form 4473 stating he was the intended recipient of the firearms.

- \_TM\_ D. Law enforcement obtained a Facebook search warrant for defendant's Facebook account. There, messages showed defendant purchased a Glock pistol for another (CT) and further showed defendant conspiring with NM to purchase Firearms 1-3 for RM.

TM E. Law enforcement obtained purchasing records that defendant bought a Glock Model 26 9mm luger pistol on October 14, 2022, from an FFL (Larson's Guns & Ammo), and filled out an ATF Form 4473 stating he was the intended recipient and that he was not an unlawful user of a controlled substance. This firearm was later recovered from CT.

TM F. On October 18, 2023, defendant was interviewed at his residence. After at first lying about the purchases, when confronted with the Facebook messages, defendant admitted buying the firearm for CT because CT was a minor and couldn't buy one himself. Defendant also described the purchase of Firearms 1-3 for RM and that NM filled out the paperwork because the payment account was in NM's name. Defendant admitted he and NM knew RM was a felon and they took the firearms to ~~RM in~~ California. Defendant further admitted being a marijuana user. PW TM KY

## SENTENCING PROVISIONS

9. TM  Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

10. TM  During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

11. TM  The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 5

> TM A. **Firearm Offense Level (Chapter 2):** For Count 1 pursuant to USSG §2K2.1(a)(6), the base offense level is at least 14.
>
> TM B. **Firearm Offense Level (Specific Offense Characteristics):** For Count 1, a **two-level upward adjustment** is appropriate pursuant to USSG §2K2.1(b)(1) based on defendant's possession of more than three firearms.
>
> TM C. **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea. However, the United States may withhold a motion under USSG §3E1.1(b) based on any interest identified in USSG §3E1.1 or the commentary thereto.
>
> TM D. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.
>
> TM E. **Departure – USSG §5K1.1 and 18 U.S.C. § 3553(e):** The United States will not make a motion for downward departure under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.
>
> TM F. No other agreements have been reached, and the parties are free to litigate in the district court any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction.

12. TM Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 6

the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

    13. _TM_ The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

## CONDITIONS OF SUPERVISION

    14. _TM_ If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

    15. _TM_ Defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court."

    16. _TM_ Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

17. \_TM\_\_ Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

18. \_TM\_\_ Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence etc. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

19. \_TM\_\_ Defendant agrees to voluntarily disclose, forfeit, abandon, give up, and give away to the United States, or any law enforcement agency designated by the United States, prior to the date of sentencing herein, any right, title and interest defendant may have in property subject to forfeiture under the United States Code, including, 21 U.S.C. §§ 853 and 881, and 18 U.S.C. §§ 924, 981 and 982, and any right, title and interest defendant may have in the following items:

   A.  all controlled substances that have been possessed in violation of federal law, all raw materials, products, and equipment of any kind that are or have been used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of federal law;

   B.  all property that is or has been used or intended for use as a container for the items referred to in subparagraph A;

   C.  all conveyances, including aircraft, vehicles, or vessels, that are or have been used, or are intended for use, to transport or in any manner

    to facilitate the transportation, sale, receipt, possession, or concealment of items referred to in subparagraph A;

D.  all monies, negotiable instruments, securities, or other things of value, furnished or intended to be furnished by any person in exchange for a controlled substance in violation of federal drug laws, and all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of federal drug laws;

E.  all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements used, or intended to be used, in any manner or part to commit or to facilitate the commission of any violation of a federal drug law that is a felony;

F.  any and all firearms and ammunition in defendant's care, custody or control during the time period of defendant's illegal conduct; and

G.  any other property deemed forfeitable under the provisions of 21 U.S.C. § 853 and/or § 881.

H.  all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder seized. This specifically includes, but is not limited to, the following: two Taurus Model G3, 9mm pistols; Palmetto State Armory, Model PA-15, 5.56 caliber AR-15 firearm; and Glock Model 26 9mm luger pistol;

I.  all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder presently in defendant's home, garage, place of business, rental storage facility, safety deposit box, or under defendant's control; and

J.  all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder held by another person or entity for or at the request of defendant.

20. _TM_ If any of the property described in the above paragraphs, as a result of any act or omission of defendant:

A.  cannot be located upon the exercise of due diligence;

  B. has been transferred or sold to, or deposited with, a third party;

  C. has been placed beyond the jurisdiction of the Court;

  D. has been substantially diminished in value; or

  E. has been commingled with other property that cannot be divided without difficulty;

defendant shall, prior to sentencing, provide payment to the government by cashier's or certified check up to the value of such property. Alternatively, defendant shall consent to an order of forfeiture of any other property up to the value of any such property.

  21. _TM_ Within two weeks of signing this agreement, defendant agrees to provide the United States Attorney's Office for the Northern District of Iowa with written documentation of defendant's ownership or right, title, or interest in the aforementioned property. In the event defendant is unable to provide documentation of defendant's right, title, or interest in such property within two weeks of signing this agreement, defendant shall relinquish custody of that property to the United States at that time, or at any subsequent time agreed to by the United States, upon demand of the government.

  22. _TM_ By this agreement defendant not only agrees to forfeit all interests in the property referred to in the above paragraphs, but agrees to take whatever steps are necessary to convey any and all of defendant's right, title, and interest in such property to the United States. These steps include, but are not limited to, the surrender of title, the signing of a quit claim deed, the signing of a consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing any other documents necessary to effectuate such transfers. Defendant agrees to execute the enclosed abandonment declaration for any firearms or ammunition and to return that abandonment declaration with the signed copy of this agreement. Defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located. Defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those held or controlled by a nominee. Defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States before defendant's sentencing.

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 10

23. __TM__ Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

24. __TM__ Defendant agrees and understands that, should defendant fail to truthfully account for all of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

## GENERAL MATTERS

25. __TM__ Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

26. __TM__ If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 11

27. ___TM___ Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

28. ___TM___ Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## WAIVER OF APPEAL

29. ___TM___ After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed. Defendant also waives the right to appeal any non-jurisdictional issues, including but not limited to any issues relating to restitution. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. In the event that defendant files a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), the permissible bases for such a motion are limited to the bases set forth in USSG §1B1.13, until that provision is amended by the United States Sentencing Commission, and defendant waives the right to argue for such a reduction in term of imprisonment based on grounds other than the bases outlined in USSG §1B1.13. Defendant's waiver of the rights set out above includes defendant's waiver of the rights (1) to contest, facially or as applied, the constitutionality of the statute(s) under which defendant is pleading guilty,

Pam Wingert
United States v. Tyler Nicholas Meriweather
December 20, 2023
Page 12

(2) to contest, facially or as applied, the constitutionality of the statute(s) or guidelines under which defendant will be sentenced, (3) to argue that defendant's conduct does not fall within the scope of these statute(s) or guidelines, or (4) to challenge the voluntariness of defendant's guilty plea. Should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to defendant's offenses and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and it reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement, or (2) if the sentence imposed exceeds the maximum statutory penalty. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

30. _TM_ Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance,

whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

31. <u>TM</u> Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

32. <u>TM</u> Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

## VERIFICATION

33. <u>TM</u> This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

TIMOTHY T. DUAX
United States Attorney

By

PATRICK T. GREENWOOD
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Abandonment Declaration
Authorization to Release Credit Information

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

| | | | |
|---|---|---|---|
| TYLER NICHOLAS MERIWEATHER<br>Defendant | 2/01/24<br>Date | PATRICK T. GREENWOOD<br>Assistant United States Attorney | 05FEB2024<br>Date |

PAM WINGERT            2/1/24
Attorney for Defendant      Date